129 N.J. Super. 1 (1974)
321 A.2d 286
STATE OF NEW JERSEY, PLAINTIFF,
v.
ALAN DAVIES, DEFENDANT.
Superior Court of New Jersey, Union County Court.
May 16, 1974.
*2 Mr. Michael C. Willner for defendant.
Mr. Lawrence Posner, Assistant Prosecutor, for the State (Mr. Karl Asch, Union County Prosecutor, attorney).
DREIER, J.D.C., Temporarily Assigned.
Defendant has appealed from a denial by the Municipal Court of his application pursuant to N.J.S.A. 2A:85-15 to expunge the record of an arrest. Since this court is of the opinion that the municipal court judge misinterpreted the provisions of the statute, and it appears that there has been no interpretation of the statute recorded since its enactment, this opinion has been reduced to writing.
Defendant was arrested on November 13, 1973 for violating N.J.S.A. 24:21-20(a)(3), possession of a controlled dangerous substance. Defendant successfully moved before the Union County Court to suppress certain evidence, and the complaint against him was dismissed. Thereafter, he moved before the municipal court to expunge the record of the arrest, but his motion was denied. The municipal court judge determined that, since the State had been deprived of its evidence on the basis of defendant's motion to suppress, defendant gave up the opportunity to have his arrest record expunged. The judge further made clear upon the record his view that defendant's counsel had an obligation not to move to suppress any evidence necessary for the State's case if defendant might later wish to have his arrest record expunged.
N.J.S.A. 2A:85-15 reads as follows:
Any person who has been arrested for a violation of the disorderly persons law, a misdemeanor or a high misdemeanor under the laws of New Jersey and against whom proceedings were dismissed, or who was discharged without a conviction, or who was acquitted, may at *3 any time following the dismissal of proceedings, or the discharge without a conviction, or the acquittal, present a duly verified petition to the court in which the judgment of acquittal, discharge or dismissal was entered, or, if there were no court proceedings, to the court in whose jurisdiction the arrest occurred, setting forth all the facts in the matter and praying for the relief provided by this act.
N.J.S.A. 2A:85-16 specifies the fixing of a time for hearing and service of notice upon the local police officials, the prosecutor and the Attorney General, who may object to the expungement of the record in question.
N.J.S.A. 2A:85-17(a) provides:
At the time appointed for the hearing, if there is no objection from those law enforcement agencies notified of the hearing, and no reason appears to the contrary, the court may grant an order directing the clerk of the court and the parties upon whom notice was served to expunge from their records all evidence of said arrest including evidence of detention related thereto, and specifying those records to be expunged. [Emphasis supplied]
N.J.S.A. 2A:85-17(b) provides for the procedure for the physical removal, storage and control of the expunged records.
There then appears N.J.S.A. 2A:85-18, 19 and 20, setting forth the further procedure in the event an objection is received from one of the law enforcement agencies. It is under these sections that the municipal court judge found that he had no power to expunge the arrest record, since there were "grounds for denial" as defined in N.J.S.A. 2A:85-20, namely, when the dismissal of the charge resulted "after exclusion of highly probative evidence upon invocation of an exclusionary rule not directed to the truth of the evidence excluded." On appeal, we note, however, that the issue of "grounds for denial" never arises unless an objection is made by one of the law enforcement agencies to which notice has been given. In this case, not only was there an absence of such an objection, but there was specific communications from the law enforcement agencies stating that they had no objection to expungement in this case.
*4 From the statute it appears there are two separate issues that can come before a court in an expungement case, and different language is used describing the court's function as to each. The issue turns upon whether there is an objection from a law enforcement agency. If there is no objection, "and no reason appears to the contrary, the court may grant an order directing the clerk * * * to expunge * * * all evidence of said arrest" (N.J.S.A. 2A:85-17(a)). This is the first decision a court may be called upon to make. On the other hand, if there is an objection, "the court shall determine whether there are grounds for denial" (N.J.S.A. 2A:85-18(a)). If so, "the court shall not grant an order to expunge" (N.J.S.A. 2A:85-19). In this latter case, "grounds for denial" are specifically defined in N.J.S.A. 2A:85-20. It might be possible to read these latter standards as a required basis for the court's adverse determination even if there is no objection from a law enforcement agency (under N.J.S.A. 2A:85-17(a)), but the legislative history of the act in question shows otherwise. The original Assembly bill was introduced in 1969, passed both houses of the Legislature, but was vetoed without a veto message. It was reintroduced, but died in committee in 1970, 1971 and 1972. It finally became chapter 191 of the Laws of 1973 after being amended several times during the enactment process. Governor Cahill conditionally vetoed the bill on March 9, 1973, and his veto message dated March 9, 1973 included the new suggested texts of N.J.S.A. 2A:85-17(a) through 22, inclusive, adding the procedure in the event an objection was made and the determination of "grounds for denial." The veto message said, in part:
There may be situations where the police have no reason to retain an arrest record as when the arrest was an admitted mistake. In such a situation it may be appropriate to expunge the arrest record. However, if the police legitimately believe that the record is necessary for law enforcement purposes, expungement would be inappropriate.

* * *
*5 In some situations where an arrest does not result in a conviction, neither expungement nor sealing should be permitted. For example, if a plea bargaining agreement results in the dismissal of unrelated offenses involving separate arrests, those arrest records are, and will continue to be, extremely meaningful and useful to the police despite the dismissal of the offense. There is no justifiable reason why such information should not continue to be used as it is presently being used. [Emphasis supplied]
The separate genesis of the "grounds for denial" sections, and the separate purposes which they serve as set forth in the Governor's veto message, lead this court to the conclusion that N.J.S.A. 2A:85-18(a), employing different language from N.J.S.A. 2A:85-17(a), should be differently interpreted.
Although the second issue should not even have been reached, defendant offered to prove in the municipal court by testimony from the investigating officer that the evidence excluded by the County Court would not have been highly probative and in fact would have been exculpatory. Counsel explained that since the excluded evidence was the only evidence the State was to have presented, and without it the charge of necessity would be required to have been dismissed, he felt duty bound to make the suppression motion.
The municipal court judge refused to permit proof that the evidence would not have been highly probative, even in view of the language of N.J.S.A. 2A:85-18(a) stating, "The court shall determine whether there are grounds for denial. * * *" Thus, defendant was also denied his right to present evidence to show that the excluded evidence was not highly probative under N.J.S.A. 2A:85-20(b). At oral argument of this motion the representative of the prosecutor's office acknowledged that such evidence would not have been highly probative against defendant.
Applying the standards of N.J.S.A. 2A:85-17(a), and seeing no reason to remand the matter for a fresh determination of whether the arrest record should be expunged, this court will exercise the discretion granted under this section and enter the expungement order.